UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:17 CR 244 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DONATHAN KIDD, | ) | |
| | ) | |
| Defendant, *Pro Se* | ) | ORDER |

Currently pending before the court is Petitioner Donathan Kidd's ("Petitioner" or "Kidd") Motion to Reduce his Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion") (ECF No. 26). For the following reasons, the court denies Petitioner's Motion.

**I. BACKGROUND**

On June 28, 2017, a grand jury indicted Kidd on two charges: (1) one count of unlawfully obstructing, delaying, and affecting commerce by robbery through the use of actual or threatened force or violence in violation of 18 U.S.C. § 1951(a) and (2) one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (*See* Indictment, ECF No. 1). On December 5, 2017, Petitioner pled guilty to both counts of the Indictment. (Plea Agreement, ECF No. 16). Three days later, the court sentenced Kidd to 24 months' imprisonment for Count 1 and 120 months as to Count 2. (Judgment, ECF No. 17). The sentence terms were to run consecutively, followed by three years of supervised release. (*Id.*) On November 30, 2023, Kidd filed the Motion (ECF No. 26) considered herein. The Government filed

its Opposition Brief (ECF No. 29) on January 22, 2024. Kidd did not file a reply brief. Petitioner's motion is now ripe for review.

## II. LAW AND ANALYSIS

In general, courts may not modify the terms of a defendant's sentence absent certain, express statutory exceptions. *See United States v. Bridgewater*, 606 F.3d 258, 260 (6th Cir. 2010). One such exception permits courts to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). If this exception applies, "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Under U.S.S.G. § 1B1.10(b)(2), "the court shall not reduce the defendant's term of imprisonment...to a term that is less than the minimum of the amended guideline range." *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

Kidd's total offense level was 19 after applying the relevant adjustments for the offense characteristics and the Petitioner's acceptance of responsibility.[1] (Final Revised Presentence Report at PageID #105). In addition, because the Petitioner had a prior conviction, which scored two points, and committed the instant offense while on probation, Kidd accrued four criminal history points—two points for his prior conviction and two "status points" for committing the offense while on probation.[2] (*Id.* at PageID #107); (*see also* Govt.'s Opp. Br. at PageID #268, ECF No. 29). With

---

[1] The Government's Opposition Brief cites to the Final Presentence Report ("PSR") from November 20, 2017. (*See* Govt.'s Opp. Br. at PageID #268, ECF No. 29) (citing Final PSR at PageID #49, ECF No. 11). However, a revised Final PSR was filed on December 18, 2017, after the court entered a judgment in the case. (*See* Revised Final PSR, ECF No. 18).

[2] The Revised Final PSR removed a criminal history point for one of Kidd's prior convictions. (*Compare* Final PSR at PageID #52, ECF No. 11 *with* Revised Final PSR at PageID #107, ECF No. 18). As a result, Kidd's criminal history subtotal score was two. Despite this adjustment in Kidd's criminal history, the Revised

a total of four criminal history points, Kidd's criminal history category was III. (Final Revised Presentence Report at PageID #107, ECF No. 18); (*see also* U.S.S.G. § 5(A)). With a criminal history category of III and a total offense level of 19, the Sentencing Guidelines' range was 37 to 46 months for Count 1. (*Id.* at PageID #110). As for Count 2, because the Petitioner pled guilty to violating 18 U.S.C. § 924, Kidd is required to serve the mandatory minimum sentence of 10 years for that offense. (*Id.* at PageID #105).

In May 2023, the Sentencing Commission altered the "status points" provision to the criminal history calculation.³ The amended provision states:

> "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

U.S.S.G. § 4A1.1(e). Accordingly, a defendant who receives 7 or more criminal history points now receives 1 additional status points whereas a Defendant with 6 or less criminal history points receives no additional status points. Here, because Kidd's criminal history point total was 2 points, under the new Guidelines, he would no longer incur the two additional "status points" for committing the instant offense while on probation. As a result, Kidd would be assigned a criminal history category of II with a total of 2 criminal history points as opposed to the 4 criminal history points that previously incurred a criminal history category of III. With a total offense level of 19 and a new criminal history category of II, the new advisory Guideline range for Count 1 is 33 to 41 months. U.S.S.G. § 5(A).

---

Final PSR erroneously still stated that Kidd's criminal history subtotal score was three points. (*See* Revised Final PSR at PageID #107, ECF No. 18). However, the correct subtotal score is two points.

³ On August 24, 2023, the Sentencing Commission voted to make this amendment apply retroactively. United States Sentencing Guidelines, Press Release, U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces Its Next Set of Policy Priorities (Aug. 24, 2023), https://www.ussc.gov/about/news/press-releases/August-24-2023.

Kidd argues that the court should reduce his sentence due to these recent amendments to the Guidelines pertaining to a defendant's criminal history. (*See* Mot. at PageID #262, ECF No. 26). The Government contends that the recent amendments do not provide Kidd with the relief he seeks. The court agrees. As the Government points out, Kidd's 24-month sentence for Count 1 is below the new Guidelines range under the recent amendments.[4] Therefore, any further reduction in Kidd's sentence would mean reducing the Petitioner's sentence below the amended Guideline range. Because the court cannot modify an inmate's sentence to a term less than the minimum amount recommended by the amended Guideline range, the court denies Kidd's Motion. *See Dillon*, 560 U.S. at 827.

### III. CONCLUSION

For the foregoing reasons, the court denies Kidd's Motion to Reduce his Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 16, 2024

---

[4] The recent amendments to the Sentencing Guidelines have no impact on Kidd's sentence as to Count 2 because the court did not rely on the criminal history calculation to determine Kidd's sentence on this count. Rather, as noted previously, Kidd must serve the mandatory minimum 10-year sentence for violating 18 U.S.C. § 924(c) pursuant to U.S.S.G. § 2K2.4. (*See* Revised PSR at PageID #105, ECF No. 18).